**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CARLOS R. DIAZ-PIZARRO,**<br><br>Petitioner,<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCION,**<br><br>Respondent. | **CIVIL NO. 20-1376 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

The petitioner was convicted in 2008 of negligent homicide and firearm violations in the San Juan Superior Section of the Court of First Instance of Puerto Rico and sentenced to 40 years of imprisonment (Docket No. 2, pp. 1-2). On December 16, 2019, he filed in the First Circuit a pleading that appeared "to be an attempted 28 U.S.C. § 2254 petition" (Docket No. 1; Docket No. 2, p. 1). On July 30, 2020, the First Circuit ordered the clerk to transfer petitioner's filings to this court, for the court to determine in the first instance whether the filings may be entertained as a Section 2254 petition (Docket No. 1). On August 3, 2020, the filings were transferred to this court and docketed accordingly (Docket No. 3). Having reviewed them, they may be entertained as a Section 2254 petition. But for the reasons explained below, the petition is time-barred and must be dismissed.

**I.     INTRODUCTION**

The petitioner challenges his conviction alleging, at times unintelligibly, that it violates the Double Jeopardy Clause; was obtained by means of an unlawful arrest; is predicated on an involuntary plea of guilty and a coerced confession; and relies on the testimony of Iván Díaz-

Pizarro, a witness whose credibility is dubious based on a psychiatric condition (Docket No. 2, pp. 3-4). Petitioner further indicates that the prosecution failed to disclose evidence favorable to the defense and that his legal representation breached their duty to provide effective assistance of counsel. Id. at 4. And he claims that the sentence exceeds the prescribed statutory limit. Id.

In support of the challenge, petitioner submits several documents as proof of Mr. Díaz-Pizarro's psychiatric condition, to wit: a December 14, 1998 request by Marta Díaz-Pizarro for the involuntary psychiatric hold of the witness (Solicitud Ley #116 del 12 de junio de 1980 – Código de Salud Mental); a December 14, 1998, petition to the Investigations Unit of the Puerto Rico General Court of Justice, San Juan Part; Provisional Order signed by Municipal Court Judge Yolanda Rodríguez-Torres for the witness' involuntary admission to the Río Piedras Psychiatric Hospital dated December 14, 1998; motion for appointment of counsel for the witness dated December 14, 1998, signed by Marta Díaz-Pizarro; the witness' psychiatric evaluation report to the Municipal Court dated December 13, 1998 and signed by Dr. Fernando Martínez, indicating that the witness was a danger to himself and to others; and a Transmittal Sheet for a request for copy of the witness' medical file dated December 6, 2006. Petitioner accompanied these documents with hand-written translations apparently made or transcribed by him (Docket No. 2-1).

## II.     BACKGROUND

The initial pleading (Docket No. 2) includes three case numbers from this court, namely: Civil No. 13-1834 (JAG); Civil No. 13-1834 (PAD), and Civil No. 16-1753 (DRD). See, "Motion" (Docket No. 2, p. 1). They are all habeas petitions. To this end, Civil No. 13-1834 (JAG), was filed on November 12, 2013. See, Docket Nos. 1 and 2 of Civil No. 13-1834 (JAG). It was

transferred to the undersigned's docket on March 26, 2014. See, Docket No. 7 of Civil No. 13-1834 (PAD)) and dismissed without prejudice on June 17, 2014 for having been presented in the Spanish language without a certified English language translation. See, Docket Nos. 14, 18, 19 and 20 of Civil No. 13-1834 (PAD).[1]

On October 10, 2014, petitioner filed a Spanish-language motion requesting an order to reopen case (Docket No. 21 of Civil No. 13-1834 (PAD)), which was denied on October 14, 2014, for the same reason the case was dismissed. Id. at Docket No. 23. On March 28, 2016, the First Circuit denied petitioner's petition for a writ of mandamus, noting in part that if petitioner was seeking appellate review of the June 17, 2014 judgment of dismissal or the October 14, 2014 order, appellate review was no longer available because he failed to file a notice of appeal within 30 days of entry of the judgment or order. Id. at Docket No. 27.

Finally, Civil No. 16-1753 (DRD) was filed on April 18, 2016 (id. at Docket No. 3) and dismissed without prejudice on May 24, 2016, for having been presented in the Spanish language without an English language translation. Id. at Docket Nos 10 and 11. On December 16, 2019, petitioner filed the present petition in the English language. See, Docket No. 2 of Civ. No. 20-1376 (PAD). Having examined the pleadings in detail, the petition must be dismissed.

---

[1] Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." To the same end, Local Civil Rule 5(c) provides that all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified English translation. The First Circuit requires strict enforcement with the English-language requirement "where the untranslated Spanish language document or matter is key to the outcome of the proceedings." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Thus, district courts should not consider such documents. See, González-De-Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir. 2004)(district court should not have considered Spanish language documents). With this in mind, on May 2, 2014, the court *sua sponte* granted petitioner until June 16, 2014 to file the certified translation of the complaint, warning him that failure to comply would result in an order striking from the record the complaint and dismissing the case without prejudice. See, Docket No. 14 of Civil No. 13-1834 (PAD). The petitioner never filed the English-language document or requested an extension of time to do so. Accordingly, the case was dismissed without prejudice. Id. at Docket No. 20.

### III.    DISCUSSION

#### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 214 (1996) ("AEDPA") sets a one-year limitations period to challenge state convictions under 28 U.S.C. § 2254. See, 28 U.S.C. § 2244(d)(1) (setting forth limitations period). The purpose of the limitations period is to "encourage prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002). As such, it "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." Day v. McDonough, 547 U.S. 198, 205 (2006).

In this setting, the limitations period runs from the latest of: (A) the date on which judgment became final on conclusion of direct review or expiration of the time to do so; (B) the date on which petitioner was prevented by the States from filing the application; (C) the date in which the Supreme Court first newly recognized and made the right asserted retroactively applicable; or (D) the date on which the factual predicate of the claim could have been discovered through due diligence. See, 28 U.S.C. § 2244(d)(1)(A)-(D)(so providing). In the absence of elements requiring otherwise, the court focuses on the finality provision of Section A.

#### B.  Analysis

In a document petitioner filed in 2016 in Civil No. 16-1753 (DRD), he asserts to have appealed his 2008 conviction to the Appellate Court of Puerto Rico, which denied the appeal on May 25, 2011. Id. at Docket No. 3, p. 5. Petitioner claims to have collaterally challenged the

conviction by way of Rule 192 of the Rules of Criminal Procedure of Puerto Rico, but according to the same document, the challenge was not successful, and was denied on January 17, 2013. Id.[2] In the same document, petitioner states that the Puerto Rico Supreme Court denied a certiorari petition on October 4, 2013. Id.

Petitioner filed the habeas petition within one year of that date, on November 12, 2013. See, Docket Sheet of Civ. No. 13-1834 (PAD). But that case was dismissed without prejudice on June 17, 2014. Id. And petitioner did nothing of substance in this court until April 18, 2016, when he filed Civ. No. 16-1753 (DRD). See, Docket Sheet of Civ. No. 16-1753 (DRD). Still, that petition was dismissed without prejudice on May 24, 2016. Id. And petitioner only filed the most

---

[2] This mechanism is available to vacate, set aside or correct the judgment if the sentence was imposed in violation of the Constitution or laws of the Commonwealth of Puerto Rico or the Constitution and laws of the United States; the sentencing court lacked jurisdiction to impose the sentence; the sentence exceeds the penalty prescribed by law; or the sentence is subject to collateral attack for any reason. See, P.R. Laws Ann. tit. 34, Ap. II, R. 192.1 (so providing). In this way, it sets a procedure "through which any person imprisoned by virtue of a judgment may dispute the validity of such imprisonment." Pueblo v. Ortiz Couvertier, 132 D.P.R. 883, 894, 1993 P.R. Eng. 840, 256 P.R. Offic. Trans., p. 5 (1993). The procedure "is of a civil nature, similar to a habeas corpus petition, separate and independent from the procedure in which judgment is contested, and one where the petitioner has the burden of proving that he is entitled to the remedy sought." Sánchez-Burgos v. Vega-Aponte, 2021 WL 1627536, *1 n. 2 (D.P.R. Apr. 27, 2012). It is unclear when the petitioner's R. 192.1 motion was filed.

recent of the habeas cases more than three years later, on December 19, 2019. See, Docket No. 2 of Civ. No. 20-1376 (PAD), p. 1.[3] By that point, the claim was untimely.[4]

That said, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner seeking equitable tolling bears the burden of showing that: (1) he has been pursuing his rights diligently; and (2) some

---

[3] The court does not, however, view the instant case as a "second or successive" petition subject to the strictures of 28 U.S.C. § 2244 (b), which, among other things: (1) requires an order from the appropriate court of appeals directing the district court to consider the application; (2) mandates dismissal of claims presented in a prior application; and (3) provides for dismissal of claims not presented in a prior application unless (i) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (ii) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. at § 2244 (b)(1)–(b)(3). The phrase "second or successive petition" is a "term of art." Slack v. McDaniel, 529 U.S. 473, 486 (2000). It does not simply refer to all habeas filings made "second or successively in time," following an initial application. Magwood v. Patterson, 561 U.S. 320, 332 (2010); Richardson v. Dretke, 2004 WL 2413305, *1 (N. D. Tex. Oct. 28, 2004)(Report and Recommendation), Report and Recommendation adopted at 2004 WL 2624279, *1 (N. D. Tex. Nov. 17, 2004) ("A petition that is literally second or successive … is not necessarily a second or successive application"). If the original petition did not produce an adjudication on the merits, a later petition will not be deemed "second or successive." Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997). Such is the case here.

[4] For petitioner's benefit, this analysis assumes that, except for the year-plus gaps between dismissal without prejudice of Civil No. 13-1834 (PAD) on June 17, 2014 and the filing of Civil No. 16-1753 (DRD) on April 18, 2016, and the dismissal without prejudice of that case on May 24, 2016 and the filing of the present case on December 16, 2019, petitioner satisfied all of the otherwise applicable time filing requirements. Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA's statute of limitations is tolled while state post-conviction or collateral review proceedings are "pending." Lawrence v. Florida, 549 U.S. 327, 329 (2007). The exclusion of this time period "comports with principles of comity and encourages a petitioner to first exhaust … state court remedies before seeking federal habeas relief." Dunker v. Bissonnette, 154 F.Supp.2d 95, 101 (D. Mass. 2001). Where direct review is not pursued through each level of the state courts, the judgment becomes final when the time for seeking the relevant level of appellate review expires. See, González v. Thaler, 565 U.S. 134, 137, 150 (2012)(addressing topic). A criminal defendant in Puerto Rico has 30 days from judgment to appeal to the Court of Appeals. See, Rules 193 and 194 of the Puerto Rico Rules of Criminal Procedure, P.R. Laws Ann. tit. 34, App. II, R. 193 and 194. He may seek review in the Puerto Rico Supreme Court by moving for a writ of certiorari within 30 days from entry of the Court of Appeals' judgment. See, Rule 217 of the Puerto Rico Rules of Criminal Procedure, P.R. Laws Ann. tit. 34, App. II, R. 217. If as it seems, the petitioner did not seek review from the highest state court, the conviction became final when the time for seeking such review expired. Along the same line, the clock runs between finality of the appeal "until the individual seeking review files a state motion for conviction relief." San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011). Once the petitioner files a motion for post-conviction relief in state court, the clock stops. Id. And it resumes running when the state courts dispose of the motion. Id. But an untimely petition does not operate to restore an expired claim, for there is no period remaining to be tolled. See, Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)(Section 2244(d)(2) cannot revive a time period that has already expired); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(similar). As noted earlier, it is not clear when petitioner filed the R. 192.1 motion.

extraordinary circumstance stood in his way and prevented timely filing. Id. at 650. To preserve the usefulness of statutes of limitations as rules of law, however, "equitable tolling should be invoked only sparingly." Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). This is so particularly in the habeas context, where care is required to avoid upsetting the strong concern for finality embodied in Section 2254. Id. That being the case, equitable tolling does not excuse the late filing. The gap between federal habeas dismissals and filings is substantial, with no satisfactory explanations for the delays.[5]

## IV.  CONCLUSION

For the reasons stated, the Section 2254 motion is SUMMARILY DISMISSED under 28 U.S.C. §2244(d)(1). Judgment shall be entered accordingly. Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Because "reasonable jurists" could not "debate whether … the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), based on the circumstances described above, the

---

[5] What is more, from the habeas motion (Docket No. 2), the court cannot conclude that petitioner properly exhausted state remedies. The AEDPA instructs that federal habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). This requirement "embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971))(alteration in original). For the same reason, "a petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482. To satisfy the exhaustion requirement, the petitioner must present the federal claim "fairly and recognizably to the state courts." Clemens v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007). A claim is fairly presented when the petitioner has tendered his federal claim in such a way as to "make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. It is not apparent that this requirement was complied with. And while petitioner states that he is not guilty (Docket No. 2, p. 4), the petition does not direct the court to new, reliable evidence that would support a tenable claim of actual innocence. See, McQuiggin v. Perkins, 569 U.S. 383, 386, 388-389 (2013)(discussing gateway for a federal court to review merits of untimely or defaulted habeas claims in cases that satisfy that condition, while noting that the standard is "demanding," and "seldom met").

court will not issue a COA.  The tardiness of the petition and the petitioner's failure to explain it permit "no disposition besides dismissal."  Roberts v. Medeiros, 2015 WL 1883935, *4 n.6 (D. Mass. April 24, 2015).  Petitioner may still seek a certificate directly from the First Circuit in conformity with Rule 22(b)(1) of the Federal Rule of Appellate Procedure.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of May, 2021.

                                                s/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                U.S. DISTRICT JUDGE